

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

July 12, 2005

The Honorable Ismael "Kino" Flores
Chair, Committee on Licensing and
    Administrative Procedures
Texas House of Representatives
Post Office Box 2910
Austin, Texas 78768-2910

Opinion No. GA-0338

Re: Whether Civil Practice and Remedies Code section 75.002, subsections (f) and (g) apply to the state, a county, or a municipality that owns, operates, or maintains its premises for bicycle-related recreational activities (RQ-0308-GA)

Dear Representative Flores:

You ask whether Civil Practice and Remedies Code section 75.002, subsections (f) and (g) apply to the state, a county, or a municipality that owns, operates, or maintains its premises for bicycle-related recreational activities.[1]

Civil Practice and Remedies Code section 75.002, the Texas Recreational Use Statute, limits the premises[2] liability of an owner, lessee, or occupant of real property for injuries sustained by others using the property for recreation, provided that the owner, lessee, or occupant does not engage in grossly negligent conduct or act with malicious intent or bad faith. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(c)-(d) (Vernon Supp. 2004-05). Section 75.001 defines "recreation" as activities such as hunting, fishing, swimming, camping, picnicking, hiking, pleasure driving, nature study, including bird watching, cave exploration, water skiing and other water sports, or any other activity associated with enjoying nature or the outdoors. *See id.* § 75.001(3)(A)-(L).

Related to your question, section 75.002(e) defines additional activities that certain governmental entities are permitted to allow on the premises they own, operate, or maintain for those purposes and receive premises liability protection. *See id.* § 75.002(e). Specifically, section 75.002(e) reads:

---

[1]*See* Letter from Honorable Ismael "Kino" Flores, Chair, Committee on Licensing and Administrative Procedures, Texas House of Representatives, to Honorable Greg Abbott, Texas Attorney General (Jan. 4, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

[2]"Premises" is defined to include "land, roads, water, watercourse, private ways, and buildings, structures, machinery, and equipment attached to or located on the land, road, water, watercourse, or private way." TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(2) (Vernon Supp. 2004-05).

In this section, "recreation" means, *in addition to its meaning under Section 75.001*, the following activities only if the activities take place on premises owned, operated, or maintained by the state or municipality or county for the purposes of those activities:

> (1)  hockey and in-line hockey; and

> (2)  skating, in-line skating, roller-skating, skateboarding, and roller-blading.

*Id.* (emphasis added).[3]

Section 75.002(f) limits these governmental entities' premises liability for "damages arising directly from a recreational activity *described* in [section 75.002](e)," but does not extend to the governmental entities if the damage is caused as a result of their gross negligence or acts conducted in bad faith or with malicious intent. *See id.* § 75.002(f) (emphasis added). Section 75.002(g) prescribes language that must appear on a sign that the governmental entity must post and maintain in a clearly visible location on or near the premises that the governmental entity owns, maintains, or operates for the purposes of the "recreational activities *described* in [section 75.002](e)." *See id.* § 75.002(g) (emphasis added). Specifically, the sign must include the following language:

> WARNING
> TEXAS LAW (CHAPTER 75, CIVIL PRACTICE AND REMEDIES CODE) LIMITS THE LIABILITY OF THE STATE AND A MUNICIPALITY OR COUNTY FOR DAMAGES ARISING DIRECTLY FROM *HOCKEY, IN-LINE HOCKEY, SKATING, IN-LINE SKATING, ROLLER-SKATING, SKATEBOARDING, OR ROLLER-BLADING* ON PREMISES THAT THE STATE OR THE MUNICIPALITY OR COUNTY OWNS, OPERATES, OR MAINTAINS FOR THAT PURPOSE.

*Id.* (emphasis added).

With respect to your question, the language in subsection (e) seems to add section 75.001(3)'s definition of "recreation" to its own, and thus you question whether the skating activities expressly listed in section 75.002(e) represent an exhaustive list. *See* Request Letter, *supra* note 1, at 1; TEX. CIV. PRAC. & REM. CODE ANN. §§ 75.001(3) (Vernon Supp. 2004-05), .002(e) ("In this section 'recreation' means, *in addition to its meaning under Section 75.001*, the following activities . . . .") (emphasis added). More precisely, you ask if bicycle-related recreational activities are "described" in subsection (e) such that subsections (f) and (g) would be operative provisions in the instance that the state, a county, or a municipality owns, operates, or maintains its premises for bicycle-related recreational activities. *See* Request Letter, *supra* note 1, at 1.

---

[3]In this opinion, we generically refer to the activities expressly listed in section 75.002(e) as "skating."

You ask us to construe section 75.002. In construing a statute we are charged with determining and giving effect to the legislature's intent. *See City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). This is accomplished by establishing the "'plain and common meaning of the statute's words.'" *Id.* (citation omitted). Generally, if a statute's meaning is unambiguous, we interpret the statute according to its plain meaning. *See id.*

Subsections (f) and (g) on their face apply to only certain governmental entities that own, operate, or maintain their premises for the purposes of skating as described in subsection (e). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(e)-(g) (Vernon Supp. 2004-05). While section 75.002(e)'s "in addition to" language read in isolation might appear to incorporate section 75.001's definition of "recreation" into subsections (f) and (g), section 75.002(e) itself unambiguously describes only skating. *See id.* § 75.002(e). Moreover, subsection (g) prescribes warning language that refers to only skating. *See id.* § 75.002(g). Thus, we conclude from the plain language that subsections (f) and (g) are applicable only to the state, a county, or municipality that owns, operates, or maintains its premises for skating. These subsections do not apply to the state, a county, or municipality that owns, operates, or maintains its premises for only bicycle-related activities. You do not ask and we do not address whether and to what extent bicycle-related activities constitute "recreation" under section 75.001(3).[4]

---

[4]Senate Bill 1224, which has been signed by the Governor and will be effective September 1, 2005, amends section 75.001(3) expressly to include "bicycling." *See* Act of May 10, 2005, 79th Leg., R.S., S.B. 1224, § 1 (to be codified at TEX. CIV. PRAC. & REM. CODE ANN. § 75.001(3)(N)). The bill also amends section 75.002(e)-(g) to continue a governmental unit's limited liability already afforded under the recreation statute if the governmental unit owns, operates, or maintains its premises for bicycling. *See id.* § 2 (to be codified at TEX. CIV. PRAC. & REM. CODE ANN. § 75.002(e)-(g)). However, the bill requires a governmental unit to comply with subsection (g) (warning signs) only if it owns, operates, or maintains its premises for skating activities. *See id.* Similarly, House Bill 616, also signed by the Governor and effective September 1, 2005, amends the same sections amended by Senate Bill 1224, but also adds "soap box derby racing" to 75.002(e), (g). *See* Act of May 27, 2005, 79th Leg., R.S., H.B. 616, §§ 1-2 (to be codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 75.001-.002).

# S U M M A R Y

Civil Practice and Remedies Code section 75.002, subsections (f) and (g) do not apply to the state, a county, or a municipality that owns, operates, or maintains its premises for only bicycle-related recreational activities.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Daniel C. Bradford
Assistant Attorney General, Opinion Committee